# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30849
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 17, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IVORY C. MYLES, also known as Ivory C. Miles,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:17-CR-241-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Ivory C. Myles pleaded guilty to one count of interference with commerce by robbery and one count of use of a firearm during a crime of violence. He now appeals his 360-month, above-guidelines sentence. The district court upwardly departed pursuant to U.S.S.G. § 4A1.3, after determining that Myles's criminal history category of VI substantially under-represented the seriousness of his criminal history and the likelihood that he would reoffend.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30849

On appeal, Myles argues that  district court abused its discretion when it imposed an upward departure under § 4A1.3.  The brief is imprecise about the exact nature of the challenge; however, the framework of his argument suggests that he is arguing that the above-guidelines sentence is substantively unreasonable.  Here, the district court stated that departure was necessary to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.  In light of Myles's extensive criminal history, which included numerous convictions that received no criminal history points, the district court did not abuse its discretion by upwardly departing because its reasons for doing so advance the objectives of 18 U.S.C. § 3553(a)(2) and are justified by the facts of the case.  *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347-48 (5th Cir. 2006).

Myles further argues that his sentence should be reversed, even if his above-guidelines sentence is considered a variance.  An upward variance is substantively unreasonable if it fails to reflect the § 3553(a) sentencing factors in that it: "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).  The district court did not err by considering Myles's criminal history in imposing an upward variance.  *See id*. at 708-09.  Further, the district court reasonably could have concluded that the facts of the instant offense warranted a variance, even if some were taken into account by the guidelines range.  *See, e.g., United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).  Thus, Myles has not

No. 19-30849

shown that the district court abused its discretion in imposing an upward variance. *See Smith*, 440 F.3d at 708.

Accordingly, the judgment is AFFIRMED.